539 So.2d 513 (1989)
Herman M. RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-616.
District Court of Appeal of Florida, Second District.
February 22, 1989.
Joseph M. Davis, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Herman M. Rodriguez appeals from his judgment and sentence for trafficking in cocaine and argues that the trial court erred in denying his motion to suppress. We agree and reverse.
On the night of August 20, 1987, the appellant was driving down the highway with a passenger in his car when he was stopped by three highway patrolmen for having a dim taillight and for weaving within the lane. After finding that the appellant had a valid driver's license and car registration and after determining that the appellant was not intoxicated, one of the troopers asked the appellant if he could "look" into the car. The appellant asked the trooper why he wanted to look, but then said it was okay. The troopers searched the car, found a box wrapped in paper lying on the rear floor board, and upon cutting open the box, discovered cocaine. Subsequently, they used the car keys to open the trunk and therein found more cocaine in a paper bag.
The appellant was charged with trafficking in cocaine in violation of section 893.135, Florida Statutes (1987). Subsequently, he filed a motion to suppress the evidence obtained against him on the ground that the search was unlawful. The trial court denied the motion. Thereafter, the appellant pled nolo contendere to the charge, reserving the right to appeal the denial of his motion to suppress.
The appellant contends his consent was limited to the interior of the vehicle and did not include consent to search the sealed box or the trunk of the vehicle. We agree.
The search of the sealed box found on the rear floor board was unlawful since the troopers were not given actual consent to open the box nor did they have probable cause to open the box based on knowledge that the appellant was engaged in criminal activity. "A general consent to search an area does not automatically give a police officer the right to cut into or destroy any container located in the area." State v. Cross, 535 So.2d 282, 284 (Fla.3d DCA 1988). See also State v. Wells, 13 F.L.W. 686 (Fla. Dec. 1, 1988); Hutchinson v. State, 505 So.2d 579 (Fla.2d DCA 1987), review dismissed, 519 So.2d 603 (Fla. 1988); State v. Fuksman, 468 So.2d 1067 (Fla.3d DCA 1985); and Horvitz v. State, 433 So.2d 545 (Fla. 4th DCA 1983).
In Wells, the Florida Supreme Court stated:
When the police are relying upon consent to conduct a warrantless search, *514 they have no more authority than that reasonably conferred by the terms of the consent. If that consent does not convey permission to break open a locked or sealed container, it is unreasonable for the police to do so unless the search can be justified on some other basis. Our own courts generally have agreed on this principle. [Citations omitted.]
13 F.L.W. at 687.
The search of the trunk was also impermissible since it too was beyond the scope of the appellant's consent and not based on probable cause. Therefore, the evidence found therein should have been suppressed as well.
We hold that the trial court erred in failing to grant the appellant's motion to suppress and, accordingly, reverse the appellant's judgment and sentence.
DANAHY, A.C.J., and FRANK, J., concur.