549 So.2d 255 (1989)
Thomas PIEDISCALZO, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03282.
District Court of Appeal of Florida, Second District.
September 29, 1989.
*256 James Marion Moorman, Public Defender and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Appellant was charged with possession of a controlled substance in violation of section 893.13, Florida Statutes (1987). After the trial court denied his motion to suppress, appellant pleaded nolo contendere and reserved the right to appeal. In his first point on appeal, appellant questions the court's denial of his motion to suppress. Because we agree with appellant on that point, we need not reach his second point concerning his sentence.
The testimony at the hearing on appellant's motion to suppress indicates that two police officers observed appellant driving a truck through an area known for drug transactions at 9:00 p.m. in a predominantly black neighborhood in Punta Gorda. After cruising slowly around the same area several times without appearing to be headed toward any particular destination, the truck stopped in the roadway with its lights turned off. A black male approached the truck, which was occupied by appellant and another white male, and remained at its side for a few minutes. The truck then moved away without resuming its prior course. The officers immediately stopped the truck, believing that its movements fit the pattern of previous drug transactions they had observed in their many years of experience. One of the officers approached the driver's side of the passenger compartment and noticed a bulge in appellant's front left shirt pocket. The officer reached into appellant's pocket and removed a cigarette package, inside of which he found a crumpled up cellophane wrapper containing a piece of rock cocaine.
Under the circumstances presented in this case, the officers had a well-founded suspicion justifying their stop of appellant's vehicle. See Johnson v. State, 537 So.2d 117 (Fla. 1st DCA 1988); Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988). The Florida Stop and Frisk Law, section 901.151(2), Florida Statutes (1987), permits a law enforcement officer to stop and temporarily detain a person when circumstances indicate that the person has committed, is committing, or is about to commit an illegal act. In Johnson and Adams, investigatory stops were upheld under circumstances similar to those presented in this case. In both cases, experienced officers observed vehicles driving around slowly in areas known for drug transactions. In Johnson, as in this case, the vehicle stopped briefly, was approached by two individuals, and then departed. In Adams, the passenger in the car seemed to be bent over toward the floorboard. If the stop in this case were based on any one factor in isolation, there would be no more than a mere suspicion of illegal activity. However, considering the totality of circumstances, viewed in light of the officers' knowledge and experience, we have no difficulty in holding the stop to be legal.
*257 Our inquiry, however, does not end simply because we have sustained the stop. Section 901.151(5), Florida Statutes (1987), limits the extent of a search following an investigatory stop to a pat-down of a suspect's outer clothing, unless the pat-down, or other circumstances, leads the officer to conclude that the suspect has a weapon on his person. Meeks v. State, 356 So.2d 45 (Fla. 2d DCA), cert. denied, 364 So.2d 892 (Fla. 1978). See also Johnson. In the case sub judice, the officer who removed the cigarette package from appellant's shirt pocket admitted in his testimony that he did not think the package contained a weapon when he reached in the vehicle and seized the package. Accordingly, it is clear that the officer could not legally reach into appellant's pocket and remove the package. Meeks. The trial court should have granted appellant's motion to suppress.
Reversed and remanded for proceedings consistent with this opinion.
LEHAN and PARKER, JJ., concur.