552 So.2d 937 (1989)
Edward MORELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03203.
District Court of Appeal of Florida, Second District.
October 20, 1989.
Rehearing Denied November 22, 1989.
*938 Geoffrey C. Fleck, of Friend & Fleck, South Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his convictions and sentences for trafficking in cocaine and possession of over twenty grams of marijuana. He contends that the trial court erred in failing to suppress cocaine and marijuana found during a warrantless search of his car after it was stopped by police officers. We affirm.
We do not agree with defendant's argument that the stop was an invalid pretextual stop. While there was evidence indicating invalid subjective pretextual motives of the officers, there was also evidence of valid objective bases for the stop. The evidence was that defendant's car was clocked by one of the officers at 62 m.p.h. in a 55 m.p.h. zone and was weaving on the road, having at one point crossed the outer edge of the road. Prior to the search which produced the drugs, one of the officers was writing out a warning ticket for the weaving and was planning to warn defendant about his speeding. Each officer testified that he would have stopped any driver under the circumstances. Under these facts the stop was valid because it was shown that "a reasonable officer would have stopped the vehicle absent an additional invalid purpose." Kehoe v. State, 521 So.2d 1094, 1097 (Fla. 1988). See also Clemons v. State, 533 So.2d 321 (Fla. 5th DCA 1988).
Nor do we agree with defendant's argument that his consent for the officers to search the inside of the car was not established to have been voluntary. The officer's request for the consent ("Do you mind if I look inside your car?") might have produced an answer which would not have justified the search if defendant had simply responded, "Yes." See Major v. State, 389 So.2d 1203 (Fla. 3d DCA 1980); Robinson v. State, 388 So.2d 286, 291 (Fla. 1st DCA 1980). But there was evidence that defendant actually responded, "Yeah, go ahead."
Yet we conclude, contrary to the state's argument, that the consent did not authorize the search which produced the drugs. The drugs were found (a) by opening a closed box found in the trunk of the car which the officers searched without any further consent and to which the officers gained access with a key removed from the car's ignition without defendant's consent, and (b) by forcing open a locked bag found inside the car. Defendant's consent to the search of the inside of the car did not authorize the search of the trunk, of the box found therein, and of the locked bag. State v. Abrams, 548 So.2d 820 (Fla. 2d DCA 1989).
We also do not agree with the state's argument to the effect that the search was valid even without defendant's consent because one of the officers had observed in plain view inside a box which was affixed to the car on the passenger side evidence of another crime, i.e., a pistol, the serial numbers of which had been obliterated. See section 790.27, Florida Statutes (1987). First, the officer who conducted the search testified that that pistol had *939 been "a concealed weapon." While in response to additional leading questions there was other testimony from the same officer to the effect that the pistol could have been seen by looking down into the box, apparently because there was no cover on it, we cannot conclude that the state carried the requisite burden of showing that the pistol was in plain view. There was no testimony that the officer had happened to have looked down into the box and viewed the pistol before having reached into the box and securing the pistol. See Perez v. State, 521 So.2d 262, 264 (Fla. 2d DCA 1988) (for the plain view doctrine to apply, "[t]he officer must come across the evidence inadvertently"). Also, there was no testimony that prior to securing the pistol the officer could, or did, see in plain view that the serial number had been obliterated. Perez, 521 So.2d at 264 (for the plain view doctrine to apply, "[t]he incriminating nature of the evidence must be immediately apparent on its face.").
Nonetheless, we conclude that defendant's consent to the search of the inside of the car authorized the discovery of the pistol and of the apparent crime incident thereto which, in turn, constituted probable cause for the arrest which was made of the car's passenger. After the officers had probable cause to arrest one of the car's occupants for that crime, the search of the inside of the car and of containers therein was justified as a search incident to a lawful arrest. State v. Pringle, 499 So.2d 75 (Fla. 2d DCA 1986); Shaw v. State, 449 So.2d 976 (Fla. 1st DCA 1984). A valid search may occur incident to a valid arrest even when, as apparently here, the search precedes the arrest. Pringle, 499 So.2d at 76.
Also, we conclude under the circumstances of this case that the officers had another proper basis for the warrantless search of the trunk and box therein (and thereafter of the bag in the car which was searched following defendant's arrest). There was evidence that prior suspicions which the officers had had about drugs in the car were reinforced by their seeing a beeper on defendant and a large amount of quarters and several notepads in defendant's attache case which defendant opened when asked for his driver's license. One officer, who had had prior narcotics experience with the Florida Highway Patrol, associated that evidence with persons dealing in narcotics. A trained, experienced narcotics dog was then directed by one of the officers around defendant's car. Despite defendant having attempted to distract the dog by whistling, speaking to it, and turning the radio volume up, the dog alerted to the trunk area of the car by biting, scratching and barking and similarly alerted to the bag in the back seat. The alerts by the dog gave the officers probable cause to open the trunk and search it and provided additional justification for searching the bag. See Denton v. State, 524 So.2d 495 (Fla. 2d DCA 1988). See also Lobo v. Metro-Dade Police Dept., 505 So.2d 621, 623 (Fla. 3d DCA 1987); State v. Goodley, 381 So.2d 1180, 1182 (Fla. 3d DCA 1980). For a discussion of the law involving the use of trained dogs to detect the presence of narcotics, see 1 W. LaFave, Search and Seizure  A Treatise on the Fourth Amendment § 2.2(f) (2d ed. 1987).
Defendant's remaining contention that there was error in the admission into evidence of a nonconsensual tape-recording of defendant's conversation with his codefendant while they were handcuffed in the back of the patrol car is without merit. See Brown v. State, 349 So.2d 1196 (Fla. 4th DCA 1977).
Affirmed.
DANAHY, A.C.J., and FRANK, J., concur.