PATTERSON, Judge.
This is an appeal from an order granting the defendant’s motion to suppress evidence seized in the search of a motor vehicle. We reverse.
In the early morning hours of December 14, 1988, three members of the Lakeland Police Department were on patrol in a predominantly black neighborhood known for high levels of crime and drug abuse. The officers were members of a special investigations unit targeted primarily at drug-related crimes.
At about 2:30 a.m., the officers noticed a white Mazda truck parked on the side of the road. The driver of the truck was a white male; a black male occupied the passenger seat and another was in the bed of the truck. Ten to fifteen minutes later, the officers observed the same truck parked in a different location with the same white male talking to three known drug users. Ten to fifteen minutes after this the officers spotted the truck at a third location, this time with a group of men around it. As the officers approached, the group fled.
The officers’ suspicions were aroused, and they illuminated the truck with their spotlight. The truck began to move forward and proceeded through a stop sign at approximately five miles per hour without stopping. The officers pulled the truck over and ordered the driver to exit with his hands up. While one of the officers searched the driver, another looked inside the truck with a flashlight. In plain view between the driver’s seat and the console, this officer saw a clear plastic bag containing a white substance. The defendant was arrested, and subsequently the substance was identified as cocaine.
The defendant moved to suppress the evidence, claiming that the traffic stop was a mere pretext to enable the officers to search for drugs. The trial court, without the benefit of our recent opinions in Piediscalzo v. State, 549 So.2d 255 (Fla. 2d DCA 1989) and Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), found that the officers’ suspicions of criminal activity were not well-founded and that the stop was pretex-tual. We believe the court would have reached a different conclusion had these cases been available.
In Piediscalzo, two police officers observed a white male driving a truck at 9:00 p.m. through a predominantly black neighborhood known for drug transactions. After cruising slowly around the same area several times without appearing to have a definite destination, the truck stopped in the roadway. A black male approached the truck and remained at its side for a few minutes. The truck then moved away without resuming its prior course. Based on experience, the officers believed the truck’s movements fit the pattern of previous drug transactions they had witnessed. They immediately stopped the vehicle and found cocaine on the defendant’s person.
We held that these circumstances presented a well-founded suspicion justifying the officers’ stop of the vehicle, and reversed Piediscalzo on other grounds. 549 So.2d at 256-57. Here, the circumstances presented an equally well-founded suspicion of criminal activity, and the cocaine was found in plain view.
The arrest was also valid because the cocaine was found as part of a legitimate traffic stop. In Kehoe v. State, 521 So.2d 1094 (Fla.1988), our supreme court set forth a standard by which traffic stops may be evaluated: “The state must show that under the facts and circumstances a reasonable officer would have stopped the vehicle absent an additional invalid purpose.” 521 So.2d at 1097.
This standard is an objective one: whether a reasonable officer would have made the stop. In applying this standard, the trial court here said:
*375 Based on the above facts, it is not believable that the primary reason for stopping the Defendant was his traffic violation. ... The stop of the vehicle would not have occurred absent the suspicion of drug activity.
This interpretation of the Kehoe standard erroneously turns on the officers’ primary motive, not on whether a reasonable officer would have made the stop.
This court has already rejected such an approach. In Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), this court said:
We do not agree with the defendant’s argument that the stop was an invalid pretextual stop. While there was evidence indicating invalid subjective pre-textual motives of the officers, there was also evidence of valid objective bases for the stop.... Each officer testified that he would have stopped any driver under the circumstances.
Moreland, 552 So.2d at 938. In Moreland, the defendant was clocked at sixty-two miles per hour in a fifty-five miles per hour zone and was weaving on the road. Here, the defendant travelled through a stop sign. In both cases officers testified that they would issue citations for such violations.
We therefore reverse the order of suppression and remand for further proceedings.
LEHAN, A.C.J., and THREADGILL, J., concur.