557 So.2d 941 (1990)
STATE of Florida, Appellant,
v.
James TAYLOR, Jr., Appellee.
No. 89-02027.
District Court of Appeal of Florida, Second District.
March 9, 1990.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Joseph A. Simpson of Simpson, Henderson, Savage & Carta, Fort Myers, for appellee.
PER CURIAM.
The state appeals an order of the circuit court granting appellee James Taylor's motion to suppress cocaine. We reverse.
Taylor was arrested during the course of "Operation Crackdown," wherein the Lee County Sheriff's Department patrolled so-called "hot spots ... normally associated with drug dealings." Taylor committed a civil traffic infraction directly in front of the arresting officers' vehicle, and when they activated their blue light he appeared to accelerate. During this interval Taylor was observed bending down as if to conceal something. After stopping Taylor became belligerent, eventually drawing a large and hostile crowd. The officers arrested Taylor for disorderly conduct, searched his automobile, and discovered a plastic bag of *942 crack cocaine pushed down into the front seat.
The circuit court's order does not specify a basis for its ruling. Taylor's motion to suppress alleged that the search of his car "was not incident to a lawful arrest" and was not based on probable cause. However, at the suppression hearing defense counsel primarily argued that the traffic stop was merely a pretext. On cross-examination one officer did agree that such minor traffic stops "get[] your foot in the door," but that same officer also denied that anyone involved in the operation "made traffic stops that you would not routinely make."
Our recent decision in State v. Renda, 553 So.2d 373 (Fla. 2d DCA 1989), is dispositive. It is undisputed that Taylor committed a civil traffic violation for which he could have been issued a citation. In such circumstances it is not always material that police may have some additional motive for detaining the suspect. Rather, in ascertaining the validity of such a stop the court should determine whether "under the facts and circumstances a reasonable officer would have stopped the vehicle absent an additional invalid purpose." Kehoe v. State, 521 So.2d 1094, 1097 (Fla. 1988). As the state points out in its brief, "a traffic stop and an interdiction program are not mutually exclusive." The record before us contains no evidence that the average police officer, on routine traffic patrol, would have foresworn issuing Taylor a ticket.
It is not a matter of serious dispute that Taylor's abusive and highly confrontational behavior, once the traffic stop had been effected, justified his arrest for disorderly conduct and thus the subsequent search of the vehicle. Though it does not appear to have been explicitly argued as an alternative justification for the search, this intervening misconduct would have served to dissipate any taint from a pretextual stop, assuming that to have been the case. Cf. Wong Sun v. United States, 371 U.S. 471, 486-7, 83 S.Ct. 407, 416-7, 9 L.Ed.2d 441, 454-5 (1963); Delap v. State, 440 So.2d 1242, 1249 and ff. (Fla. 1983), cert. denied, 467 U.S. 1264, 104 S.Ct. 3559, 82 L.Ed.2d 860 (1984); People v. Sesslin, 68 Cal.2d 418, 439 P.2d 321, 67 Cal. Rptr. 409 (1968), cert. denied, 393 U.S. 1080, 89 S.Ct. 850, 21 L.Ed.2d 772 (1969). See also, State v. Johnson, 382 So.2d 866 (Fla. 2d DCA 1980) (defendant not justified in resorting to violence to resist unlawful arrest).
Reversed.
FRANK, A.C.J., and THREADGILL and PATTERSON, JJ., concur.