BASKIN, Judge
(dissenting).
The premise of the majority opinion is that a warrantless traffic stop justifies a search of the entire passenger compartment of the ear for weapons. In my view, the majority, in reaching its conclusion that the officer was entitled to search the floorboard of the back seat after he stopped the car Gonzalez was driving, misconstrues Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).
Michigan v. Long explains that warrant-less automobile searches are designed to protect police officers who have a reasonable belief that individuals ordered out of a vehicle during a traffic violation stop are armed and dangerous. In that case, the Supreme Court extended Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), which permits a search incident to arrest of “the arrestee’s person and the area ‘within his immediate control’ —construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence,” Chimel, 395 U.S. at 763, 89 S.Ct. at 2040, 23 L.Ed.2d at 694 (extending Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)), to the automobile stop situation. The Court held further that “articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within ‘the area into which an arrestee might reach in order to grab a weapon’_” Michigan v. Long, 463 U.S. at 1049, 103 S.Ct. at 3480, 77 L.Ed.2d at 1219 (quoting New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2863, 69 L.Ed.2d 768, *709 775 (1981)). Michigan v. Long “does not mean that the police may conduct automobile searches whenever they conduct an investigative stop”; officers may conduct area searches during investigative detention only when they have the level of suspicion identified in Terry. Michigan v. Long, 463 U.S. at 1050, n. 14, 103 S.Ct. at 3481, n. 14, 77 L.Ed.2d at 1220, n. 14.
In the case before us, police stopped Gonzalez’s car because it was weaving and questioned Gonzalez because he possessed an expired driver’s license. There was no reason to suspect that he had participated in a criminal offense. It was only when the officer pushed the front seat of the driver’s side forward that he noticed a yellow supermarket bag “seated in the floor board of the back seat. There were two bags [sic] outside of the bag. They were labeled Nissan, the boxes were not open, they were not sealed.”[1] Under these circumstances, the officer lacked any reasonable ground for believing the occupants were armed and dangerous or other basis for searching the entire interior of the car. Assuming, however, that a search was reasonable to protect the officer, no authority supports a search of the back floorboard, an area not within the driver’s reach.
Other grounds offering legal support for the type of search conducted here are also absent. The search may not be justified on the basis of consent, as the search extended beyond Gonzalez’s actual consent. See State v. Wells, 539 So.2d 464 (Fla.), cert. granted, — U.S. —, 109 S.Ct. 3183, 105 L.Ed.2d 692 (1989); Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989); State v. Abrams, 548 So.2d 820 (Fla. 2d DCA 1989). Furthermore, the search was not conducted incident to a lawful arrest, according to the officer’s testimony.[2] For these reasons, I would hold that the trial court ruled correctly in suppressing the evidence and affirm.

. On cross-examination, the officer described the items in more detail. He responded:
A. They were open; they were not sealed, but they were open.
Q. Did you have to do something to open them?
A. I had to flip the lid.
Q. Did you ask him if you could do that?
A. No.
Q. You just did that?
A. Right.
Q. And inside of that, you found the drugs?
A. Yes.
Q. It was at that point that you placed Mr. Gonzalez under arrest?
A. Yes, I did.
Q. Mr. Gonzalez, at this whole time, was standing by your patrol car?
A. Right.

. The officer testified:
Q. At that time did you place him under arrest?
A. No.
Q. Were you going to place him under arrest?
A. No.