WIGGINTON, Judge.
The State of Florida appeals the trial court’s order granting appellee’s motion to suppress physical evidence — crack cocaine. We reverse.
The record shows that the factual scenario leading to appellee’s arrest for possession of crack cocaine was as follows: At approximately 8:00 p.m. on April 15, 1989, during an undercover crack cocaine operation, sheriff's officers completed a controlled buy in Jacksonville, Florida on the front porch of 1341 West State Street, which was a condemned house known by the officers to be a “crack house.” Backup officers then rushed the house and the crack dealer ran into it with Detective Deal *1231 and other officers in hot pursuit. Upon entering the premises, Deal observed appel-lee seated in a chair two or three feet from the dealer who, by that time, had been apprehended by another detective. Deal saw “something in [appellee’s] hand and I saw him placing it underneath his right buttock.” He was not certain what appel-lee was putting under his buttock. He told appellee to stand up. When appellee hesitated, Deal “grabbed him by his shirt and pulled him up and at that time I saw a piece of crack sitting in the chair and that’s the only thing in the chair.” The record shows that on March 22, 1989, appellant had been arrested and charged with the misdemeanor offense of trespassing after warning at 1341 West State Street.
The trial judge determined that Deal’s “search and seizure” of appellee was unreasonable and was not justified by any exception to the warrant requirement. Consequently, he granted appellee’s motion to suppress the crack cocaine.
For several reasons, appellee’s motion to suppress should have been denied. First, clearly, the circumstances surrounding the officer’s apprehension of ap-pellee lead to a legitimate founded suspicion that appellee was engaged in criminal activity sufficient to justify an investigatory stop under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and Section 901.151, Florida Statutes. See State v. Pye, 551 So.2d 1237 (Fla. 1st DCA 1989); Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988); and Piediscalzo v. State, 549 So.2d 255 (Fla. 2d DCA 1989). Further, the command to appellee to merely stand, which was issued under the officer’s clear justification in reasonably detaining him, and the subsequent plain viewing of the crack cocaine in the chair did not even amount to a “search” of appellee after the investigatory stop and detention. Finally, the fact that appellee was committing the crime of trespass in the condemned house gave the officers probable cause to arrest appellant for trespass and any arguable search incident to arrest was therefore justified. See Pye.
REVERSED and REMANDED for further proceedings.
SHIVERS, C.J., and BARFIELD, J., concur.