565 So.2d 886 (1990)
STATE of Florida, Appellant,
v.
Curtis D. MILLER, Appellee.
No. 89-02414.
District Court of Appeal of Florida, Second District.
August 17, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant.
Peter D. Ringsmuth, Fort Myers, for appellee.
CAMPBELL, Judge.
The State of Florida appeals the trial court's order of suppression of evidence on the grounds that it was based solely upon the conclusion that the police officers' stop *887 of appellee's vehicle was "partly motivated by pretext." We reverse.
Appellee Miller was driving his vehicle at night with an inoperable tag light. He was stopped by Lee County Sheriff's Deputies Graham and Nestler. As Deputy Nestler was writing a citation to appellee for the inoperable tag light, he was advised by radio dispatch that appellee's driver's license was suspended. Deputy Graham had, during the time Deputy Nestler was writing the citation for no tag light, checked around the driver's seat of appellee's vehicle for weapons and found none. As Deputy Graham was leaving appellee's car, he heard on his portable radio carried on his belt the radio dispatch concerning appellee's driver's license. Deputy Graham testified he advised Deputy Nestler, a special deputy, to place appellee under arrest for the suspended driver's license violation and then turned back to search appellee's vehicle incident to the arrest he had just directed. While Deputy Nestler testified he did not hear Deputy Graham's direction to arrest appellee, we conclude that is not critical to Deputy Graham's right to search the vehicle incident to the arrest he had ordered and believed would be effected. During this subsequent search incident to the arrest he had directed, Deputy Graham discovered three small baggies of cocaine.
We find that this case falls within the permissible standards for a valid traffic stop of a vehicle announced in Kehoe v. State, 521 So.2d 1094 (Fla. 1988). Under Kehoe, the stop is proper if a reasonable officer would have stopped the vehicle absent an additional invalid purpose. Id. at 1097. Here, after the stop was made because of a traffic violation (section 316.221(2), Florida Statutes (1987)), and during the time a citation was being written for that violation, Deputy Graham received information which gave him probable cause to arrest appellee and to conduct a search incident to that arrest. See Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), rev. denied, 562 So.2d 346 (Fla. 1990); State v. Fernandez, 526 So.2d 192 (Fla. 3d DCA 1988).
Reversed and remanded for further proceedings consistent herewith.
SCHEB, A.C.J., and ALTENBERND, J., concur.