PATTERSON, Judge.
The state appeals the order granting Eric D. Bentley’s motion to suppress cocaine. The cocaine was found in the car in which Bentley was a passenger after the police stopped and subsequently searched the vehicle. We reverse.
On September 19, 1990, Officer Pryor of the Tampa Police Department, while on regular patrol, observed Edward Bagsby driving a four-door vehicle with no visible license tag. Pryor pulled the vehicle over, his normal procedure upon observing this type of traffic violation. Bagsby immediately exited his vehicle and began walking toward Pryor’s police cruiser. Pryor walked toward Bagsby and asked for his driver's license. Bagsby spontaneously replied that he did not have one because it was suspended. At some point in the brief interval, Pryor observed a temporary tag improperly displayed on the inside of the tinted back window of the vehicle. On closer observation, the temporary tag had expired. Pryor placed Bagsby in his cruiser and arrested him upon verifying his driver’s license had been suspended. Pryor testified his normal practice was to make such arrests.
During the episode, Bentley was seated on the passenger’s side of the backseat of the vehicle. He and the front seat passenger, Reginald Moore, then exited the vehicle. Pryor then searched the vehicle incident to Bagsby’s arrest and for purposes of impoundment. The officer found a large amount of cash and quantities of crack cocaine in a duffle bag on the floor of the backseat and arrested Bentley for possession of the contraband.
The trial court found the stop to be pretextual and further noted that Officer Pryor should have terminated the stop *774 upon observing the temporary tag in the rear window. As to the first finding, the record does not contain even an indication that Pryor had any motive in stopping Bagsby other than to issue a citation for the vehicle failing to have a license tag. He was a uniformed patrol officer in a marked police ear whose duty it was to apprehend traffic law violators. He testified that he could not observe a tag on the vehicle and that he always made traffic stops under these circumstances. The stop was therefore proper. See Kehoe v. State, 521 So.2d 1094 (Fla.1988); State v. Miller, 565 So.2d 886 (Fla. 2d DCA 1990).
The trial court’s second conclusion is likewise erroneous in the context of the events as they evolved. Pryor stopped the car, Pryor and Bagsby exited their cars and approached each other, Pryor saw a temporary tag in the rear window, and Bagsby voluntarily admitted he was driving with a suspended license. These actions are so intertwined that they constitute a single event within the confines of a lawful stop. Additionally, the temporary tag was improperly displayed by being inside the window and not on the exterior of the car. Having made a lawful stop and observing an improperly displayed tag, Pryor had the authority to further investigate the circumstances. When he got close enough to the vehicle to see through the tinted window, he could then observe that the tag had expired. To conclude that the actions of the officer under these circumstances were unreasonable is unwarranted. That conclusion would impose an unrealistic and unworkable restriction on police officers attempting to enforce the traffic laws of Florida in the normal course of their duties.
Reversed and remanded.
LEHAN, A.C.J., and FRANK, J., concur.