PER CURIAM.
This cause is before us from an order granting a motion to suppress physical evidence. The trial court found, and appellees argue on appeal, that the stop for driving at a speed eight miles per hour over the posted limit was pretextual because Officer Lee had a drug dog with him; the officer had only issued a few tickets in previous months; and the officer conceded that his purpose in being on 1-75 at 10:00 p.m. with a drug-sniffing dog in his car was to locate drugs. We reverse.
Appellees’ vehicle was “clocked” at 73 miles per hour in a 65 mile-per-hour zone. They do not dispute that fact. In Springle v. State, 613 So.2d 65 (Fla. 4th DCA1993) (en banc), the court stated that a stop for speeding 73 miles per hour in a 65 mile-per-hour zone was not pretextual, holding that “[i]f the speed limit is 65 m.p.h., then a stop is lawful at any speed in excess of that figure.” Thus, the stop for speeding was not rendered invalid because the officer was also seeking to apprehend drug carriers. Springle, supra.
Accordingly, the order granting the motion to suppress is reversed and the cause remanded for proceedings consistent herewith.
BOOTH and MINER, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.