630 So.2d 213 (1993)
STATE of Florida, Appellant,
v.
Volodymar FEDORCHENKO, a/k/a Walter Fedorchenko, Appellee.
No. 93-01117.
District Court of Appeal of Florida, Second District.
December 22, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
James W. O'Neill, Gulfport, for appellee.
PARKER, Judge.
The State of Florida appeals the trial court's suppression of tape-recorded statements law enforcement officers obtained from Volodymar Fedorchenko and Allen Jenkins while they were detained in the back of a highway patrol cruiser. We reverse.
A trooper stopped the car that Jenkins was driving and in which Fedorchenko was the passenger for speeding and tailgating. When the troopers questioned the men, both men appeared nervous and gave different stories about what they had been doing. The trooper told the men that their stories did not match and asked for consent to search the car. Fedorchenko authorized the troopers to search the car. At that point the trooper asked Jenkins and Fedorchenko to sit in the back of the patrol car while the troopers conducted the search. The officers surreptitiously taped Jenkins's and Fedorchenko's conversation. The troopers confiscated 496.7 grams of marijuana from the vehicle. The trial court suppressed the recorded statements.
There is an established line of cases, including this court's opinions in Lewis v. State, 570 So.2d 346 (Fla. 2d DCA 1990) and Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), review denied, 562 So.2d 346 (Fla. 1990), holding that arrestees have no reasonable expectation of privacy in their oral communications which law enforcement surreptitiously records while the arrestees are detained in a police cruiser. The Fourth District recently held that persons have a reasonable expectation of privacy while in a police vehicle if neither probable cause to arrest nor articulable suspicion is present. Springle v. State, 613 So.2d 65 (Fla. 4th DCA) (en banc), review dismissed, 626 So.2d 208 (Fla. 1993).
The facts of the instant case are not squarely on point with any of these cases because law enforcement in this case had a founded suspicion based on the nervousness *214 and conflicting stories of Fedorchenko and Jenkins but did not have probable cause to arrest them. The question becomes whether a person has a reasonable expectation of privacy in his oral communications while in a police vehicle when law enforcement has a founded suspicion that the person is committing, has committed, or is about to commit a crime. We answer that question in the negative, especially under the facts of this case. The trooper advised the driver and passenger that their stories conflicted; therefore, both knew that they were under suspicion. Under these circumstances, it cannot be said that they had a reasonable expectation of privacy in their conversation while they were detained under suspicion in the police cruiser. We, therefore, reverse the trial court's order suppressing the tape-recorded statements and remand the case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL, A.C.J., and HALL, J., concur.