642 So.2d 840 (1994)
Robert OLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1900.
District Court of Appeal of Florida, Fourth District.
September 28, 1994.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, J.
Defendant pled guilty to possession of cocaine with intent to sell and possession of drug paraphernalia. However, he reserved his right to appeal the denial of his motion to suppress, alleging that the stop was pretextual and that the warrantless search of the vehicle exceeded the scope of his consent. We affirm.
While stopped on Interstate 95, an officer observed defendant's vehicle proceeding slowly on the interstate, weaving and veering toward the officer's vehicle. The officer followed defendant for two miles, observing the vehicle traveling at 35 miles per hour and weaving at least four or five times. Defendant pulled into a rest stop off the interstate, parking illegally in a handicapped space. When the officer approached the vehicle, the occupants acted as if they were asleep. After "arousing" defendant, the officer asked him for his driver's license; defendant responded that he did not have his driver's license. The officer next questioned defendant as to whether he was carrying any contraband, drugs or weapons in the vehicle; defendant responded he was not. The officer then asked if he could search the vehicle; Defendant said, "go ahead, you can search." During the search, defendant, who was *841 standing outside of his vehicle, began shaking his leg in an unusual manner and sporadically reaching for his crotch.
A search of the passenger compartment of the vehicle by the officer did not reveal anything. The keys to the vehicle were in the ignition. In the presence of defendant, the officer removed the keys and opened the trunk. In the trunk, the officer found a loaded .357 magnum in plain view. Because of the discovery of the gun and defendant's erratic stance, the officer became concerned for his own safety and conducted a pat down of defendant. The officer felt a bulge, and the subsequent search revealed a small, flat, hard object containing fifty-four packages of cocaine.
In the present case, the police officer had founded suspicion to stop the vehicle because of the traffic violation. Popple v. State, 626 So.2d 185 (Fla. 1993). Thus, we do not find the stop pretextual. Kehoe v. State, 521 So.2d 1094 (Fla. 1988); Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), rev. denied, 562 So.2d 346 (Fla. 1990). Nevertheless, the circumstances would not have justified a search of the vehicle, unless defendant voluntarily consented to a search, which included the trunk. Voluntariness of consent is a question of fact to be determined by the trial court from the totality of the circumstances. Chestnut v. State, 404 So.2d 1064 (Fla. 1981). While admittedly all police encounters are potentially intimidating for the ordinary citizen, nothing in the record in this case suggests that the officer's conduct was coercive, or that defendant's consent was involuntary.
We must decide whether defendant's general consent to search his "vehicle" reasonably extended to a search of his trunk. On the issue of the reasonable scope of consent, the Supreme Court, in Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 1803-04, 114 L.Ed.2d 297, 302 (1991), held that the standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective reasonableness  what would the typical reasonable person have understood by the exchange between the officer and the suspect?"
In Jimeno, the Supreme Court upheld the search of a closed paper bag lying on the floor of a car, where the suspect gave the police officer general permission to search the vehicle. The Court made it clear, however, that it was not announcing a rule that every search of a closed container within a vehicle would be automatically allowed. In upholding the search of the closed paper bag, the Supreme Court considered the particular facts of the case before it. Specifically, the court focused on the facts that the officer had informed the suspect that the officer believed the suspect was carrying narcotics and that the officer would be looking for narcotics in the car, and that the suspect had not placed any explicit limitation on the scope of the search. The Supreme Court found it was objectively reasonable for the police to conclude the general consent to search the car included consent to search any containers within the car which might bear drugs, and that a reasonable person would be expected to know that narcotics are generally carried in some form of container and rarely "strewn across the trunk or floor of a car." Jimeno, 500 U.S. at 251, 111 S.Ct. at 1804, 114 L.Ed.2d at 303, quoting U.S. v. Ross, 456 U.S. 798, 820, 102 S.Ct. 2157, 2170, 72 L.Ed.2d 572, 591 (1982).
At the same time, the Court in Jimeno also approved of the decision in State v. Wells, 539 So.2d 464 (Fla. 1989), aff'd on other grounds, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990). In Wells, consent to search the trunk of a car did not include authorization to pry open a locked briefcase found inside the trunk because, as reasoned by the Supreme Court in Jimeno, "[i]t is very likely unreasonable to think that a suspect, by consenting to the search of his trunk, has agreed to the breaking open of a locked briefcase within the trunk... ." 500 U.S. at 251-52, 111 S.Ct. at 1804, 114 L.Ed.2d at 303.
Following Jimeno, the test to be applied in this case is whether it is objectively reasonable for the police to conclude that the suspect's general consent to search the vehicle included consent to search the trunk. Here, defendant gave a general go-ahead to a search of his vehicle after he had been asked *842 about contraband, drugs or weapons in the vehicle. He did not protest when the officer searched the interior of the vehicle or when the officer took the keys from the ignition and opened the trunk. It is therefore objectively reasonable to conclude that his general consent to search the vehicle included the trunk. Further, the loaded gun was in plain view in the trunk, not in an additional closed or locked container within the trunk. Compare Moreland.
We distinguish Rodriguez v. State, 539 So.2d 513 (Fla. 2d DCA 1989) from the case at bar because of the more limited nature of the request and corresponding consent in that case. In Rodriguez, the trooper had asked the driver if he could "look" into the car. The issue was whether the consent to search was limited to the interior of the car and did not extend to a sealed box found inside, or to the trunk of the car. Regarding the sealed box, the court stated that a general consent to search an area does not automatically give the police the right to destroy any container. Id. at 513. We believe the Rodriguez decision would survive the objectively reasonable test of Jimeno in that the search of the sealed box inside the car and the search of the closed trunk unreasonably exceeded the limited request and consent to "look" into the car. Similarly, in Moreland, consent to "look inside" the car did not authorize the search of the trunk, of a locked box found therein, and of a locked bag found inside the car. 552 So.2d at 938; accord Wells; State v. Abrams, 548 So.2d 820 (Fla. 2d DCA 1989), rev. denied, 558 So.2d 19 (Fla. 1990).
The facts here are closely analogous to United States v. Cannon, 29 F.3d 472 (9th Cir.1994). There, when asked by police for permission to search his car, the defendant said "go ahead." The court held that the defendant's general consent and his lack of protest to the search of the trunk indicated that the search was within the scope of the initial consent. See also United States v. Gutierrez-Mederos, 965 F.2d 800 (9th Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1315, 122 L.Ed.2d 702 (1993). Because broad consent without limitation was given to search the vehicle, after the officer had questioned the suspect concerning the presence of narcotics and contraband, we find that it was objectively reasonable under Jimeno for the trial court to have concluded that defendant's consent extended to the trunk, which is a part of the vehicle.
With regard to the pat down of defendant which followed discovery of the loaded gun in the trunk, there was a reasonable belief that defendant may have been armed in view of the loaded weapon found in the trunk, the prior denial of any weapons and defendant's unusual movements. Doctor v. State, 596 So.2d 442 (Fla. 1992). Under the totality of the circumstances, the trial court did not err in denying the motion to suppress.
AFFIRMED.
WARNER and KLEIN, JJ., concur.