SCHWARTZ, Chief Judge.
We reverse the suppression of the cocaine seized following a police stop of the defendants’ vehicle. The trial court held that the stop was “pretextual,” and therefore invalidated a subsequent arrest — and the ensuing Belton[1] search — for driving with a suspended license. To the contrary, the stop was entirely justified by the fact that the officer saw the car run at least one red light and travel at sixty miles per hour in a thirty-mile-per-hour zone. Because it is undisputed that these violations would ordinarily have resulted in a stop,[2] see Kehoe v. State, 521 So.2d 1094 (Fla.1988), it does not matter that the officer in question — who in this case was *311 a narcotics investigator — might or evep, as the trial court held, would have detained the occupants if no infraction had taken place at all.[3] See State v. Pollard, 625 So.2d 968 (Fla. 2d DCA 1993); State v. Barrio, 619 So.2d 389 (Fla. 1st DCA 1993); Springle v. State, 613 So.2d 65 (Fla. 4th DCA 1993), review dismissed, 626 So.2d 208 (Fla.1993); State v. Taylor, 557 So.2d 941 (Fla. 2d DCA 1990); Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), review denied 562 So.2d 346 (Fla.1990). Although State v. Irvin, 483 So.2d 461 (Fla. 5th DCA 1986), review denied 491 So.2d 279 (Fla.1986) was decided pre-Kehoe, it is based on Kehoe principles and is almost directly on point:
[T]hat the police may have wished or even intended to detain a suspect for another reason does not invalidate an apprehension which follows the commission of a traffic or other offense which would subject any member of the public to a similar detention. Applying these principles, we reverse the order under review which, on the finding that the officers would have (unjustifiably) detained the appellant driver for questioning on drug charges in any event, suppressed contraband found in the car after it was stopped for going 70 miles per hour in a 50-mile-per-hour zone, (footnotes omitted) (citations omitted)
* * * * * *
Regardless of what they would have done, the police could validly have stopped the defendant only if he committed an illegal act. On the other hand, since Irvin in fact did so, he may not be excused from that misconduct merely because the officer might have arrested him anyway.
Irvin, 483 So.2d at 462, 463.
Reversed.

. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

. The trial judge was clearly wrong in concluding, relying on State v. Orozco, 607 So.2d 464 (Fla. 3d DCA 1992), review denied, 614 So.2d 503 (Fla.1993), that a criminal violation is required to justify a stop under Kehoe. Orozco found that the officer had probable cause to believe that the defendant was guilty of reckless driving so as to justify an arrest on that criminal charge. In this case, however, the arrest was properly founded on the discovery that the operator was driving with a suspended license. State v. Bentley, 596 So.2d 773 (Fla. 2d DCA 1992); State v. Miller, 565 So.2d 886 (Fla. 2d DCA 1990); see State v. Fernandez, 526 So.2d 192 (Fla. 3d DCA 1988), dismissed, 531 So.2d 1352 (Fla.1988). It is oth *311 erwise entirely clear that a "mere” traffic infraction, if, as in this case, it was observed by the stopping officer and would have resulted in a stop by any reasonable policeman, will render the initial stop constitutionally permissible. State v. Pollard, 625 So.2d 968 (Fla. 2d DCA 1993); Springle v. State, 613 So.2d 65 (Fla. 4th DCA 1993), review dismissed, 626 So.2d 208 (Fla.1993); State v. Taylor, 557 So.2d 941 (Fla. 2d DCA 1990); Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), review denied, 562 So.2d 346 (Fla.1990).

. We do not directly reach the state’s other contentions, including the apparently correct one that the stop was justified by a founded suspicion of a narcotics offense.