RYDER, Judge.
Mr. Garcia pleaded no contest to possession of marijuana, reserving his right to appeal the lower court’s denial of his dispositive motion to suppress evidence. He contends that a traffic stop, which resulted in the seizure of the marijuana, was pretextual. We agree, reverse and remand to the lower court with directions to discharge Garcia.
Mr. Garcia’s encounter with the police occurred near Interstate 75 in Pasco County. Pasco County Deputy John Connolly was conducting drug interdiction on the highway with a Pasco County detective and an agent of Drug Enforcement Agency. Deputy Connolly began following Garcia’s red pickup truck. The deputy candidly admitted at the suppression hearing that, although the truck was not speeding and did not have an expired tag, he was looking for a reason to stop it. After he had followed Garcia for approximately five miles, he saw a clear piece of plastic about the size of a sheet of paper blow out of the truck bed. He also noticed a plastic automobile floor mat flapping in the bed of the pickup. Deputy Connolly stopped Garcia, purportedly for violating section 316.520, Florida Statutes (1993), carrying an unsecured load. When asked, Garcia could not produce a driver’s license. Connolly arrested him for driving without a valid license, searched the truck incident to the arrest and discovered the marijuana. Garcia filed a motion to suppress evidence, contending that the stop of his vehicle was pretextual.
Analysis of a traffic stop alleged to be pretextual starts with Kehoe v. State, 521 *1294 So.2d 1094 (Fla.1988), in which the court held the state must show, under the particular facts of the case, that a reasonable officer would have stopped the car absent an additional invalid purpose. We previously addressed this issue in State v. Taylor, 557 So.2d 941 (Fla. 2d DCA 1990), where we reversed the lower court’s order granting a defendant’s motion to suppress. Our first ground for reversal was that the stop was not completely pretextual. While the police were suspicious that Taylor might be carrying drugs, Taylor committed a civil traffic infraction in front of the officers. We applied the Kehoe test, and determined that the record contained no evidence that the average police officer would not have stopped Taylor for the violation. We cannot say the same in this case. Deputy Connolly admitted he had only stopped one vehicle for an unsecured load in the past fourteen months and the circumstances were nothing like those here. Cf. Velez v. State, 554 So.2d 545 (Fla. 5th DCA 1989), review denied, 563 So.2d 635 (Fla.1990) (one of the criteria for determining if the Kehoe test has been met is whether the officer has previously conducted traffic stops for the same offense). The record does not establish that this was the type of traffic stop an officer would routinely make. In fact, Garcia was not arrested or ticketed for an unsecured load. We hold this stop was completely pretextual.
The state argues that even if the stop were pretextual, Garcia’s failure to produce a driver’s license dissipated the taint of the pretextual stop. See Taylor, 557 So.2d at 942 (defendant’s abusive and highly confrontational behavior during traffic stop justified his arrest and subsequent search of the vehicle). We disagree. But for the illegal stop, the deputy would not have discovered that Garcia was without a driver’s license. The arrest on this charge and the subsequent search of Garcia’s truck were both fruits of the illegal stop. See Brooks v. State, 524 So.2d 1102 (Fla. 3d DCA 1988) (evidence found in search of vehicle incident to arrest for failure to produce a valid driver’s license suppressed when initial stop was pretextual). The evidence obtained as a result of the stop must be suppressed.
Reversed and remanded with directions to discharge Mr. Garcia.
THREADGILL, C.J., and FULMER, J., concur.