WHATLEY, Judge.
The State appeals the order suppressing the contents of McCance’s fanny pack.
At the conclusion of the hearing on McCance’s motion to suppress, the trial court found that although McCance gave her consent to a search of her car, that consent did not extend to a search of her fanny pack, which she left on the seat of the car when she exited it. The State argues that under Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), this finding was erroneous. We agree and reverse.
In Jimeno, the Supreme Court set forth the standard for measuring the scope of a suspect’s consent to a search as being that of objective reasonableness — “what would the typical reasonable person have understood by the exchange between the officer and the suspect?” 500 U.S. at 251, 111 S.Ct. 1801. This standard is premised on the fact that “[t]he scope of a search is generally defined by its expressed terms.” Id. The officer had informed Jimeno that he believed Jimeno was carrying narcotics, and Jimeno did not place any explicit limitation on the scope of the search. Consequently, the Supreme Court held that Jimeno’s consent to a search of his car extended to the paper bag on the car’s floor. “[I]t was objectively reasonable for the police to conclude that the general consent to search respondent’s car included consent to search containers within that car which might bear drugs. A reasonable person may be expected to know that narcotics are generally carried in some form of a container.” Id.
In the present case, the officer testified that he asked McCance if she had any narcotics or weapons in her car. When *1114 she responded that she did not, the officer asked if she would mind if he looked himself. The trial court found that McCance consented to this request. We believe that it was objectively reasonable for the officer to conclude that McCance’s consent to Search her car extended to her fanny pack because a reasonable person may be expected to know that a fanny pack is a container in which either narcotics or weapons can be carried.
McCance argues that the trial court properly implied that the officer was required to secure additional, separate consent to search her fanny pack. This argument was rejected by the Supreme Court in Jimeno: “Respondent argues ... that if the police wish to search closed containers within a car they must separately request permission to search each container. But we see no basis for adding this sort of superstructure to the Fourth Amendment’s basic test of objective reasonableness.” Id. at 252, 111 S.Ct. 1801.
Accordingly, we reverse the order suppressing the contents of McCance’s fanny pack and remand for further proceedings.
FULMER, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.