MAY, J.
The State of Florida appeals an order granting the defendant’s motion to suppress. It argues the trial court erred in suppressing evidence seized during a vehicle search. We agree with the State and reverse the suppression order.
While conducting surveillance at a hotel parking lot known for its high volume of drug transactions, a deputy observed the defendant engage in behavior he believed to be indicative of narcotics sales. He approached the defendant as he sat alone in the passenger seat of a car. The defendant told the deputy he was staying at the hotel, but he didn’t know his room number. The deputy requested identification, whereupon the defendant exited the vehicle to access a folder in the backseat. When he did so, the deputy saw three black “hide a key boxes” on the floorboard of the passenger seat. He knew these containers were used to store drugs.
The deputy asked the defendant for permission to search him and the vehicle for drugs. The defendant consented to the search. The deputy searched the defendant and had him sit on the sidewalk as he proceeded to search the vehicle. The deputy immediately reached inside of the car, picked up the key boxes, opened them, and found crack rocks and various other forms of narcotics.
The State charged the defendant with: (1) possession of cocaine with the intent to deliver/sell, (2) possession of oxycodone, (3) possession of diazepam, (4) possession of alprazolam, and (5) misdemeanor possession of drug paraphernalia. The defendant filed a motion to suppress, and argued the deputy exceeded the scope of consent when he opened the containers.
At the suppression hearing, defense counsel argued the scope of the defendant’s consent did not extend to containers within the vehicle. He suggested the deputy was required to ask specific permission to open the containers. The State responded that such an explicit request was not required.
Although finding the initial encounter consensual, the trial court determined the defendant’s consent did not extend to the containers inside the vehicle. The court noted that the deputy “never requested nor received consent to open these containers.” The court suppressed the evidence, reasoning that the defendant’s “consent to search the vehicle extends only to the interior of the car and not to any containers therein.... ” From this order, the State appeals.[1]
“When considering a trial court’s decision on a motion to suppress, we accept the trial court’s findings of fact, but review de novo the trial court’s application of the law.” McNamee v. State, 906 So.2d 1171 (Fla. 4th DCA 2005). A trial court’s decision on a motion to suppress bears a presumption of correctness. See State v. Houston, 616 So.2d 595, 596 (Fla. 4th DCA 1993).
This case is controlled by Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). In Jimeno, the Court answered the question of “whether a criminal suspect’s Fourth Amendment right to be free from unreasonable searches is vio *227 lated when, after he gives a police officer permission to search his automobile, the officer opens a closed container found within the car that might reasonably hold the object of the search.” The Court answered the question in the negative. Id. at 252, 111 S.Ct. 1801. The Court’s answer was reached by applying the “objective reasonableness” standard, i.e., “what would the typical reasonable person have understood by the exchange between the officer and the suspect?” Id. at 251, 111 S.Ct. 1801 (citations omitted).
The scope of a search is generally defined by its expressed object. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In this case, the terms of the search’s authorization were simple. Respondent granted Officer Trujillo permission to search his car, and did not place any explicit limitation on the scope of the search. Trujillo had informed respondent that he believed respondent was carrying narcotics, and that he would be looking for narcotics in the car. We think that it was objectively reasonable for the police to conclude that the general consent to search respondent’s car included consent to search containers within that car which might bear drugs. A reasonable person may be expected to know that narcotics are generally carried in some form of a container. “Contraband goods rarely are strewn across the trunk or floor of a car.” Id. at 820, 102 S.Ct., at 2170.
Jimeno, 500 U.S. at 251, 111 S.Ct. 1801 (emphasis added).
Importantly, the Jimeno court expressly distinguished its decision from the Florida Supreme Court’s holding in State v. Wells, 539 So.2d 464 (Fla.1989), affirmed on other grounds, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990), which is heavily relied upon by the defendant. In Wells, the Florida Supreme Court determined that a suspect’s general consent to search a vehicle did not empower law enforcement to “pry open” locked containers therein. Agreeing with this holding, the Jimeno court noted,
[i]t is very likely unreasonable to think that a suspect, by consenting to the search of his trunk, has agreed to the breaking open of a locked briefcase within the trunk, but it is otherwise with respect to a closed paper bag.
Jimeno, 500 U.S. at 251-52, 111 S.Ct. 1801 (emphasis added); see also Oliver v. State, 642 So.2d 840 (Fla. 4th DCA 1994) (it is objectively reasonable for a police officer to open the trunk of a vehicle to which he is given general consent to search after asking the defendant about contraband, drugs or weapons located inside the vehicle); cf. Rodriguez v. State, 539 So.2d 513 (Fla. 2d DCA 1989) (consent to “look” into a vehicle does not give an officer authority to open a sealed box or search a closed trunk; such search would be objectively unreasonable).
Here, the deputy testified his observations led him to believe the defendant was engaged in the sale of drugs. As a result of those observations, he approached the defendant and requested his permission to search his person and vehicle “for drugs.” The defendant consented, placing no restrictions on the consent given. The defendant did not attempt to withdraw or limit the scope of his consent or instruct the deputy that such consent did not extend to containers within the vehicle.
A “hide a key box” is a compartment that can reasonably contain the object of the search, drugs. “A reasonable person may be expected to know that narcotics are generally carried in some form of container. ‘Contraband goods rarely are strewn across the trunk or floor of a car.’ ” *228 Jimeno, 500 U.S. at 251, 111 S.Ct. 1801 (quoting United States v. Ross, 456 U.S. 798, 820, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)); see also State v. McCance, 737 So.2d 1113 (Fla. 2d DCA 1999) (general consent to search vehicle for weapons extended to fanny pack because reasonable person can be expected to know that “a fanny pack is a container in which either narcotics or weapons can be carried”); State v. Hester, 618 So.2d 1365 (Fla.1993). We conclude the search of the key boxes was objectively reasonable under the circumstances.
The suppression order is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and Remanded.

STONE and SHAHOOD, JJ., concur.

. The trial court’s finding that the original encounter was consensual is not challenged on appeal.