566 So.2d 51 (1990)
Kenneth L. DAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2792.
District Court of Appeal of Florida, First District.
August 24, 1990.
Rehearing Denied September 21, 1990.
*52 Barbara M. Linthicum, Public Defender, David A. Davis, Asst. Public Defender, and Susan Hugins Elsass, Certified Legal Intern, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
The appeal before us for consideration is from a judgment and sentence for possession of cocaine. Although two issues are raised, our resolution of the first issue regarding the trial court's denial of motions to suppress obviates our need to reach the second challenging the court's denial of appellant's motion for mistrial based on improper prosecutorial remarks. Since we agree with appellant that the trial court erred in denying his motions to suppress on the basis of an invalid investigatory stop, we must reverse.
At the hearing on the motion to suppress, Jacksonville Sheriff's Officer R.A. Riley testified that he was on routine patrol around noon in a well-known drug area in Jacksonville when, upon turning a corner, he observed what he thought was a drug transaction. Appellant was allegedly standing in the middle of the street leaning into the passenger window of a blue Volkswagen. The driver of the Volkswagen apparently was the first to spot Riley and immediately sped away leaving appellant standing in the middle of the street looking puzzled. Riley pulled his car next to appellant who at that point sighted him and began walking away swiftly. Riley did not know appellant, did not see any money or drugs change hands, and was not certain that a drug transaction had occurred, although he did testify that the typical drug transaction in the area took place by way of pedestrians leaning into stopped cars.
Upon approaching appellant, Riley stopped his car, jumped out and ordered appellant, whose back was to him, to show his hands, allegedly for purposes of a weapons check. Appellant raised his hands and turned around to face the officer. In doing so, according to Riley, appellant dropped a baggie of cocaine. (Appellant and a witness contended at trial that appellant did not drop the cocaine; rather, Officer Riley allegedly rummaged through the underbrush until he discovered a discarded baggie containing cocaine.)
As argued by appellant, the stop in the instant case was not warranted simply based upon the officer's observation of appellant, in a high-crime district, leaning into the window of a stopped car and his proceeding to walk away rapidly upon seeing the officer approach. See State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988); and Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980). Officer Riley's suspicion of appellant was too tenuous to justify the stop. Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989). Rather, he acted on a mere hunch instead of on a founded suspicion, State v. Hoover, and because the stop was invalid, it follows that any statement appellant may have made and any evidence that may have been seized were tainted and should have been suppressed. Gipson.
For the foregoing reasons, we hold that the trial court erred in denying appellant's motions to suppress. Consequently, appellant's conviction and sentence for possession of cocaine is hereby
REVERSED.
BARFIELD and WOLF, JJ., concur.