578 So.2d 5 (1991)
George WINTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02059.
District Court of Appeal of Florida, Second District.
February 27, 1991.
Rehearing Denied April 18, 1991.
*6 Toby Isaacson, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
George Winters pleaded nolo contendere to possession of cocaine,[1] reserving the right to take this appeal from the denial of his motion to suppress. We reverse because the officer's search and seizure of cocaine from the appellant's pocket exceeded the permissible scope of an investigatory search under the Florida Stop and Frisk Law.[2]
We find under these facts that the temporary detention of the appellant was lawful. On October 8, 1987, at 11:00 p.m., plainclothes police observed the appellant leaning into a station wagon stopped in the middle of an unpaved alley in a Fort Myers area known for drug activity. Officer McDonald saw the appellant who is black accept money from the white male driver. As the officers pulled up behind the station wagon in an unmarked police car, someone yelled that police were in the area. The appellant looked at the officers and walked away. The station wagon drove off.
Officer Jelks got out of the police car and stopped the appellant, who appeared to be trying to conceal the money in his hand, while Officer McDonald pursued the station wagon. As Jelks was ordering the appellant to put his hands on the hood of a car, Officer Morrissey arrived to back him up. At one point the appellant put his hand into his jacket pocket. Morrissey withdrew the hand from the pocket and placed it on top of the car's hood. He then searched the pocket to "see what he was after," pulling out what appeared to be cocaine.
The Florida Stop and Frisk Law authorizes temporary detention when circumstances reasonably indicate that a person is violating the criminal law. A stop is not warranted based solely upon an officer's observation of a black person in a high-crime district, leaning into the window of a white man's car stopped in the middle of the street, who walks away upon seeing an officer approach. Dames v. State, 566 So.2d 51, 52 (Fla. 1st DCA 1990); State v. Hoover, 520 So.2d 696, 697 (Fla. 4th DCA 1988). In this case, however, one of the officers saw the appellant accept money from the driver. The addition of this factor, the exchange of money or drugs, would justify a stop under the law. See Dames, 566 So.2d at 52 and Hoover, 520 So.2d at 697. We therefore find that these circumstances justified the temporary detention of the appellant.
We cannot, however, justify the search and seizure of cocaine found in the appellant's jacket pocket. The stop and frisk law authorizes a limited search to disclose a dangerous weapon where there is a reasonable suspicion that the detainee is armed. See State v. Webb, 398 So.2d 820, 825 (Fla. 1981) (Under Florida Stop and Frisk Law, a valid frisk does not require probable cause but a reasonable belief that the person temporarily detained is armed with a dangerous weapon.). Nevertheless, the search may not ordinarily go beyond a pat-down of the outer clothing. Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); Piediscalzo v. State, 549 So.2d 255, 257 (Fla. 2d DCA 1989). Seizure is permissible *7 if the officer reasonably believes the object felt in a pat-down was a weapon. Id. A pat-down in this case would have revealed no hard object which could have been a weapon. See id. We add that the seizure of the cocaine cannot be justified as a search incident to arrest, because the detention was not supported by facts sufficient to establish probable cause for an arrest.
Reversed and remanded.
SCHEB, A.C.J., and PARKER, J., concur.
NOTES
[1] § 893.13(1)(f), Fla. Stat. (1987).
[2] § 901.151, Fla. Stat. (1987).