623 So.2d 1240 (1993)
Eugene HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01733.
District Court of Appeal of Florida, Second District.
September 15, 1993.
*1241 James Marion Moorman, Public Defender and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Eugene Howard pleaded nolo contendere to possession of cocaine and drug paraphernalia, reserving his right to appeal the denial of his dispositive motion to suppress evidence. He argues that the evidence was obtained during an illegal search and seizure. We agree and reverse.
At the suppression hearing, Officer Walker testified that he conducted concealed surveillance in a Lakeland neighborhood because of numerous complaints of drug sales. He saw Howard give another man money and the other man bump his right hand against Howard's left hand. It appeared as if the man had given Howard a small object. As he walked away, Howard looked at the palm of his hand, but Officer Walker could not see what the hand contained.
Officer Walker described Howard to Officer Link over the police radio. Link approached Howard, who had his hand in his pocket. When the officer asked him to remove it, he did so immediately. Officer Link told Howard he was suspected of purchasing rock cocaine, which he denied. After reading him his Miranda rights, Link patted Howard down, using a groping action. He felt a solid object about the size of an eraser on a pencil and a cylindrical object with an opening at one end and a wiry substance that felt like steel wool at the other end. Based on his experience, Link believed the objects were drugs and paraphernalia. He removed rock cocaine, a cocaine pipe and a small razor knife from Howard's pocket.
Under these facts, Officer Link was authorized to temporarily detain Howard. The Florida Stop and Frisk Law permits a temporary detention where circumstances reasonably indicate a person has violated a criminal law. § 901.151, Fla. Stat. (1991). Officer Walker's observation of the exchange of money justifies such a stop. Winters v. State, 578 So.2d 5 (Fla. 2d DCA 1991), review denied, 589 So.2d 292 (Fla. 1991). As in Winters, however, the search and seizure here was not justified.
The Florida Stop and Frisk Law permits a law enforcement officer who has probable cause to believe a person he has temporarily detained is armed with a dangerous weapon to search that person "only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon." § 901.151(5), Fla. Stat. (1991). Officer Link admitted at the suppression hearing that Howard had done nothing to lead him to believe he was armed. Howard took his hand out of his pocket when the officer requested he do so. Although Link could not see the waistband of Howard's shorts because his shirt tails were out, he could see his pockets and testified that there were no apparent bulges. Even if we assume that Link was authorized to pat Howard's waistband and pockets to see if he were armed, once he assured himself that no weapons were present, he was required to stop the search. Winters. Moreover, the trial court found that Officer Link was not conducting a pat-down for weapons, but that he was "going for the evidence." Such a search is not justified on the facts here, and, as such, the fruits of the seizure must be suppressed.
We note that the United States Supreme Court recently approved a limited "plain feel" exception to the Fourth Amendment's warrant requirement. Minnesota v. Dickerson, *1242 ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). This decision supports the result we reach here. As in this case, the officer in Dickerson conducted a pat-down search which revealed no weapons. He felt a lump in the defendant's pocket that he "examined with [his] fingers and it slid and it felt to be a lump of crack cocaine in cellophane." ___ U.S. at ___, 113 S.Ct. at 2133. Similarly, Officer Link felt a small object in Howard's pocket, then "took and rolled the object between [his] fingertips to get a better feel... ." The Dickerson Court held that such a further search was not authorized by any exception to the warrant requirement. Because the search was constitutionally invalid, the seizure was likewise unconstitutional and its fruits were suppressed. ___ U.S. at ___, 113 S.Ct. at 2139.
The trial court's order denying Howard's motion to suppress is reversed and this case is remanded for further proceedings consistent with this opinion.
FRANK, C.J., and CAMPBELL, J., concur.