THREADGILL, Judge.
The state charged the appellee with possession of cocaine. The appellee moved to suppress the cocaine on the ground that it was seized during a pretextual stop of the vehicle in which he was riding. The trial court granted the motion and the state appeals. We reverse because the record reflects that the officer made sufficient observations to give rise to a reasonable suspicion that the appellee was involved in criminal activity.
The only witness at the suppression hearing was Clearwater Police Officer Philip Jackson. The officer testified that on the date of the appellee’s arrest he was working on a drug enforcement squad, patrolling in an unmarked cruiser. At approximately 1:00 a.m., he observed the vehicle in which the appellee was riding as a passenger traveling slowly through an area known for crack cocaine sales. The officer left the area for approximately fifteen minutes and upon his return saw the vehicle traveling in the same area. The officer observed the car stop in the middle of the roadway. A female approached the vehicle and spoke to the two occupants. She then left and got a male who approached the passenger side of the vehicle. The officer observed the man pass cash into the vehicle and receive something in return. The vehicle then left. The officer testified that the actions he had observed were consistent with the many street level drug transactions he had observed in his seven years as an officer.
As the vehicle drove away, the officer noticed that there was no visible license tag on the vehicle. He called for back up, then initiated a traffic stop. As he approached the car, he saw the passenger bend down in the seat. He also saw a temporary tag in the window of the vehicle. He told the occupants that he stopped the vehicle because he had been unable to see the tag and he thought he had observed a drug transaction. The officer asked if there were any drugs or weapons in the vehicle and the driver said “no.” The officer asked for and received the driver’s consent to search the vehicle. The search revealed a cigarette pack containing marijuana and crack cocaine beneath the ap-pellee’s seat.
The status of the vehicle’s tag is irrelevant to our determination of the validity of the stop. Section 901.151, Florida Statutes (1991), authorizes a temporary detention when circumstances indicate that a person is violating criminal law. Winters v. State, 578 So.2d 5 (Fla. 2d DCA 1991). In this case, the officer’s observations of suspicious activity in *539 an area known for drug activity, coupled with the exchange of money, justified the stop of the vehicle. 578 So.2d at 6. Because the vehicle was lawfully stopped and the driver consented to the search of the vehicle, the cocaine that was found is admissible in evidence.
We therefore reverse the order suppressing the cocaine and remand for further proceedings.
CAMPBELL, A.C.J., and HALL, J., concur.