KLEIN, Judge.
Appellant pled nolo contendere to possession of cocaine, reserving her right to appeal the denial of her motion to suppress. We affirm.
Appellant was a passenger in a car with a Georgia tag, driving slowly in a neighborhood at 10:00 P.M. Because of the high crime in the neighborhood, the residents of the apartment buddings had hired off-duty police officers to prevent crime. One of those officers observed appellant and the driver looking around, and thought they might be tourists who were lost. It was not unusual for people exiting from nearby 1-95 to get lost in the neighborhood and become crime victims.
The vehicle stopped in the middle of the street for no apparent reason, and a man rode up on a bicycle. After an exchange of hands at the car window, the man on the bicycle withdrew his hand holding currency.
After observing this, the officer suspected either a drug transaction or a robbery, and stopped the vehicle, which was then moving, to investigate further. As he was walking up to the passenger side he saw appellant reach underneath the seat for something and he became concerned that she was reaching for a gun. He shined his flashlight into the car, asked her to step out, and saw what turned out to be crack cocaine on the floor where her feet had been.
Appellant moved to suppress, but the trial court denied the motion. On appeal, the appellant argues that the officer did not have a reasonable suspicion to make an investigatory stop.
Appellant relies heavily on Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990). In Dames the officer observed defendant standing in the street leaning into the passenger window of a car. The driver of the vehicle then sped away, and the defendant, after observing the officer, walked away quickly. In concluding that the stop was not justified, the court pointed out that the officer did not see any money or drugs change hands.
In Winters v. State, 578 So.2d 5 (Fla. 2d DCA), rev. denied, 589 So.2d 292 (1991), an officer was held to be justified in stopping a pedestrian who accepted money from a driver who paused in the middle of an alley in an area known for drug activity. The court distinguished Dames, and held that the exchange of money or drugs would warrant a stop. And in State v. Saums, 638 So.2d 538 (Fla. 2d DCA 1994), the court held that an officer’s observation of a hand exchange involving money between a pedestrian and a passenger in an area known for drug activity, justified a stop.
We conclude that the “totality of the circumstances” [1] here gave the officer, who was experienced in recognizing drug transactions, a reasonable suspicion that appellant was engaged in one.
Affirmed.
PARIENTE and STEVENSON, JJ., concur.

. State v. Anderson, 591 So.2d 611, 612 (Fla.1992).