CASANUEVA, Judge,
Dissenting.
Because I conclude that the trial court erred in failing to grant the suppression motion, I respectfully dissent.
The facts brought forth at the suppression hearing are straightforward. On February 5, 1998, at 12:44 a.m., Polk County Deputy Sheriff Horstman made a valid traffic stop of a 1982 Pontiac Fire-bird. Before he approached the vehicle he observed the driver and the passenger, Mr. Goudy, making movements within the vehicle. While speaking with the driver, the deputy sheriff observed Mr. Goudy continuing to make movements within the car of such force that the vehicle was shaking on its chassis from side to side. Fearing that Mr. Goudy might possess a firearm, he asked him to exit the vehicle. When he exited the vehicle, Mr. Goudy advised the officer that he possessed a syringe. The officer then removed the syringe from Mr. Goudy’s front shirt pocket and proceeded to conduct a patdown of Mr. Goudy’s person. In his front pants pocket the deputy touched what “felt like plastic baggies containing two pea-size items which I felt to be narcotics.” He further testified that once he felt the plastic bag he used his fingers to squeeze the two pea-shaped items. He said that they “felt sort of gritty through the pants.” He removed the items from Mr. Goudy’s pants and found an off-white substance that tested positive for methamphetamine. Later, at the jail, he located some marijuana, which he had overlooked, in Mr. Goudy’s *509 shirt pocket. The State argues that this search was based on probable cause once the syringe was disclosed. The State also contends that the search is permissible under the “plain feel” doctrine as delineated in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). I do not agree.
At the time the deputy seized the syringe, he possessed no information that linked the syringe to criminal conduct. Probable cause cannot arise where the conduct is equally consistent with noncriminal activity as with criminal activity. See Angaran v. State, 681 So.2d 745 (Fla. 2d DCA 1996). Accordingly, merely possessing a syringe, which has widespread legal use, does not constitute criminal conduct and, in this instance, does not provide justification for the search. Moreover, because possessing a syringe is not an illegal act, such possession cannot form the basis to uphold the search on an “inevitable discovery” theory.
Later, following Miranda[1] warnings, Mr. Goudy told the deputy that he used the syringe to inject insulin for his diabetes as well as to inject crank. Administering Miranda warnings does not cure a Fourth Amendment deficiency because Miranda is a Fifth Amendment protective device. See Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). Therefore, this statement should likewise be suppressed under prevailing Fourth Amendment law as flowing from an impermissible search.
I turn now to the State’s contention that the search is valid under the “plain feel” doctrine. In Minnesota v. Dickerson, the United States Supreme Court held that law enforcement officers may seize nonthreatening contraband detected through the sense of touch during a protective pat-down so long as the search remains within the boundaries established by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The purpose of the patdown search is to permit the officer to pursue his investigation without fear of violence; it is not to discover evidence of crime. In Minnesota v. Dickerson, the law enforcement officer said that he felt a small lump in the defendant’s front pocket. He then examined it with his fingers and determined by its feel that it was a lump of crack cocaine wrapped in cellophane which he then seized. The Minnesota Supreme Court affirmed the suppression of the evidence.
The United States Supreme Court agreed with the Minnesota Supreme Court’s holding that the police officer had overstepped the bounds of the search for weapons permitted by Terry. It reasoned that the officer’s continued exploration of Mr. Dickerson’s pocket after he concluded that it contained no weapon was unrelated to the Terry justification of a search for the officer’s protection. The incriminating character of the object was not immediately apparent to the seizing officer because he had to roll it around in his fingers and squeeze it to determine what it was. This further search was, the United States Supreme Court held, constitutionally invalid.
In Mr. Goudy’s case, the identical analysis applies and the identical result is warranted. The deputy was able to determine from the patdown that the bulge in Mr. Goudy’s pocket was not a weapon. At that moment he reached the maximum invasion of Mr. Goudy’s privacy permitted under Terry. His continued investigation by squeezing the contents of the pocket is identical to feeling the contents of Mr. Dickerson’s pocket. It ceased to be a protective Terry search and became an impermissible generalized investigatory search without a warrant. Under similar factual patterns, this court has reached the identical result. See Cole v. State, 727 So.2d 280 (Fla. 2d DCA 1999); Howard v. State, 623 So.2d 1240 (Fla. 2d DCA 1993). *510 I see no way to distinguish Minnesota v. Dickerson, Cole, or Howard from this case.
Searches and seizures conducted outside the judicial process are per se unreasonable under the Fourth Amendment and may be sustained only if the government can establish that the search falls within a well-delineated exception. See Thompson v. Louisiana, 469 U.S. 17, 105 S.Ct. 409, 88 L.Ed.2d 246 (1984) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). Because I conclude that the State failed to prove that the deputy’s search fell into an exception to the warrant requirement of the Fourth Amendment, I would reverse the denial of the suppression motion.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).