754 So.2d 154 (2000)
Gregory Roy BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-858.
District Court of Appeal of Florida, Fifth District.
March 24, 2000.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
A police officer transporting a prisoner observed Baker sitting in his van near a closed business at 3:00 a.m. The officer also observed another man walking away from the business. The officer put his vehicle in reverse and, with his blue lights on, pulled behind the van. Baker got out of the van, lifted the hood, tinkered with the engine, got back into the van, started the engine and, with a thumbs up sign to the officer, pulled away from the curb. He stopped when the siren sounded. Baker explained to the officer that he was experiencing battery problems but that he was finally able to start his van. The disbelieving officer, because he had a prisoner in his vehicle, required Baker to remain where he was until other officers arrived. Baker was ultimately convicted of burglary, possession of burglary tools, and grand theft based on the officers finding bolt cutters in the back of his van and on certain incriminating statements which he made. He appeals the court's failure to suppress because the officer had no well-founded suspicion to make the Terry stop. We agree and reverse.
The fact that Baker was parked late at night near a closed business does not establish grounds for a Terry stop. The officer had no reasonable grounds for suspicion that the closed business had been or was about to be burgled. Even the additional fact that another person, who so far as the officer knew was unconnected with Baker, was walking near the closed business does not help. Baker's effort to leave the area after the adjustment, or feigned adjustment, of his battery was nothing more than walking away from *155 the officer. See Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990).
The officer testified that he had a suspicion that Baker was loitering and that the suspicion was the reason for the stop. There is no indication in this record as to what Baker was doing, other than merely sitting in his van at 3:00 in the morning near a closed business, which would warrant a "justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." See section 856.021, Fla. Stat. (1999). If Baker's actions are sufficient to warrant a Terry stop, then anyone who parks in a business area late at night would be subject to a Terry stop. Both the loitering statute and common sense require more than this.
REVERSED and REMANDED.
COBB, J., and ORFINGER, M., Senior Judge, concur.