789 So.2d 486 (2001)
Christopher FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2949.
District Court of Appeal of Florida, Second District.
July 6, 2001.
*487 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Christopher Frazier challenges his convictions and sentences for possession of cocaine and cannabis. Frazier pleaded no contest to the possession charges and reserved the right to appeal the trial court's denial of his motion to suppress the contraband. Because the drugs in this case were seized during a pat-down search which exceeded the limits of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and Florida's Stop and Frisk Law, we reverse.
The facts adduced at the suppression hearing are as follows: The police department had received numerous complaints about loiterers and trespassers at the duplex located at 923 East Poinsettia Street in Tampa. Two officers were dispatched in response to the complaints. Officer Smith was one of them. As Smith pulled *488 up to the duplex, he observed a group of people, several of whom began to run upon seeing Smith's patrol car. Frazier was among those who fled, but he stopped when ordered to do so. As Frazier turned toward Officer Smith, Smith observed Frazier remove his hand from his right pocket and "briskly" reach under his shirt to his waistband. Based on this movement, Officer Smith suspected that Frazier might be armed, so he ordered Frazier to show him his hands. Frazier complied. Smith then escorted Frazier to the patrol car where he patted him down. Using his palm, Officer Smith ran his hand down the exterior of Frazier's clothing on his right side, at which time he felt three "soft spongy" items. Smith testified that he squeezed the items in Frazier's right pocket, and it became immediately apparent that they were narcotics in the form of marijuana. When Officer Smith felt down Frazier's left side, he squeezed his left pocket and felt what he believed to be rock cocaine. Smith then seized the items and placed Frazier under arrest.
On appeal Frazier argues that Officer Smith did not have a reasonable suspicion to conduct an investigatory stop in this case. We disagree. An officer may conduct a brief investigatory stop if he or she has a reasonable, articulable suspicion that criminal activity is afoot. Terry, 392 U.S. at 30, 88 S.Ct. 1868; § 901.151(1), Fla. Stat. (2000). The determination of reasonable suspicion "must be based on common sense judgments and inferences about human behavior." Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). In Wardlow, the Supreme Court concluded that unprovoked flight creates an inference of wrongdoing and is among the factors to be considered in determining whether circumstances are sufficiently suspicious to warrant an investigatory stop. Id. at 124, 120 S.Ct. 673 (stating that headlong flight is the consummate act of evasion and is suggestive of wrongdoing). In the present case, Smith was patrolling the area at approximately 11 p.m. in response to complaints of loiterers and trespassers. When he approached the address of the complainant, he observed Frazier and others run away. Indeed, Officer Smith testified that he stopped Frazier because he believed that Frazier was trespassing. The residents' complaints, coupled with the fact that the subjects fled when the officers approached, lead us to conclude that there was reasonable suspicion to justify this investigatory stop.
Moreover, Terry and Florida's Stop and Frisk Law authorize a pat-down search if, during a lawful investigatory stop, an officer has probable cause to believe that a subject is armed. Terry, 392 U.S. at 30, 88 S.Ct. 1868; § 901.151(5). We find that Frazier's conduct, i.e., briskly removing his hand from his pocket and reaching underneath his shirt to his waistband, provided probable cause to justify the pat-down search for weapons. Nevertheless, the search was unlawful inasmuch as it exceeded the permissible scope of the stop and frisk law. Because the pat-down revealed nothing which could have been a weapon, Officer Smith's "inquiry" should have stopped there. See, e.g., Winters v. State, 578 So.2d 5 (Fla. 2d DCA 1991).
The State maintains that the patdown and subsequent seizure were legal based on the "plain-feel" exception to the Fourth Amendment's warrant requirement adopted by the United States Supreme Court in Minnesota v. Dickerson, 508 U.S. 366, 378, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The Dickerson court effectively extended the plain-view doctrine to instances where contraband is discovered through the sense of touch during an otherwise lawful Terry search. Id. at 375-76, *489 113 S.Ct. 2130. Under the "plain-feel" doctrine, "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour and mass make its [illicit] identity immediately apparent, there has been no invasion of the suspect's privacy ... [,]" and therefore there is no constitutional basis for suppressing the seized contraband as fruit of the poisonous tree. Id. at 375, 113 S.Ct. 2130. The State contends that based on Officer Smith's extensive experience and training in street level narcotics, he was immediately aware of the illicit nature of the contents of Frazier's pockets upon squeezing them. We reject this argument because Smith found it necessary to squeeze the items through Frazier's pockets in order to identify them, indicating that it was not immediately apparent to him that the items were illegal narcotics. Besides, before groping Frazier's pockets to ascertain their contents, Officer Smith was fully aware that the pockets did not contain a weapon, the risk of which precipitated the pat-down in the first instance. Cf. Dickerson, 508 U.S. at 378, 113 S.Ct. 2130.
Based on the foregoing, we reverse.
PATTERSON, A.C.J., and PARKER, J., Concur.