962 So.2d 406 (2007)
D.B.A., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4774.
District Court of Appeal of Florida, Second District.
August 10, 2007.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
*407 Bill McCollum, Attorney General, Tallahassee, and Joseph Lee, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
D.B.A. appeals his adjudication of delinquency for the offense of possession of marijuana. He argues that the trial court erred in denying his dispositive motion to suppress, and the State agrees. We reverse.
At the hearing on D.B.A.'s motion to suppress, Deputy Vidal testified that he was dispatched to a burglary in progress. He was advised that a caller stated that a black male wearing all black clothing was in front of her apartment banging on the door, attempting to enter. When the deputy arrived, he observed D.B.A. dressed in all black up next to the apartment door. Deputy Vidal directed D.B.A. to face away from him and show him his hands. D.B.A. turned away from the deputy and put his right hand in his right pants pocket. The deputy grabbed D.B.A.'s right hand, put him in a corner, and handcuffed him. Deputy Vidal then put his hand in D.B.A.'s right pocket and pulled out a baggie of a substance that later tested positive for marijuana.
In arguing that the marijuana should be suppressed, D.B.A. asserted that while Deputy Vidal had a reasonable suspicion to detain him, he did not have probable cause to search him. We agree. The Florida Stop and Frisk Law, § 901.151(5), Fla. Stat. (Fla.2006), authorizes a limited search to disclose a dangerous weapon where an officer has probable cause to believe that the detainee is armed with a dangerous weapon. This limited search may not go beyond a patdown of the detainee's outer clothing. Winters v. State, 578 So.2d 5, 6 (Fla. 2d DCA 1991). Only if an officer reasonably believes that an object he feels during a patdown is a weapon may he seize the object. Id. at 6-7. See also Frazier v. State, 789 So.2d 486, 488 (Fla. 2d DCA 2001); Thompson v. State, 555 So.2d 970, 971 (Fla. 2d DCA 1990).
Deputy Vidal testified that for officer safety reasons he searched D.B.A.'s right pocket because instead of complying with his command to show him both of his hands, D.B.A. put his right hand in his pants pocket. If the deputy had probable cause at that point to believe that D.B.A. was in possession of a dangerous weapon, the Florida Stop and Frisk Law only authorized him to conduct a patdown for weapons. Because he did not conduct a patdown and feel what he reasonably believed was a dangerous weapon, the search was unlawful, and the dispositive motion to suppress should have been granted. Accordingly, we reverse D.B.A.'s adjudication of delinquency and remand with directions that he be discharged.
Reversed and remanded with directions.
NORTHCUTT, C.J., and ALTENBERND, J., Concur.