NORTHCUTT, Chief Judge.
 

 Devin Wynn pleaded guilty to charges of possession of cocaine and possession of drug paraphernalia. He reserved the right to appeal the denial of his dispositive motion to suppress the evidence of these crimes. We agree with Wynn’s contention that the contraband was seized during an illegal search. Accordingly, we reverse his convictions and remand with directions to discharge him.
 

 At the hearing on the motion to suppress, Hillsborough County Sheriffs deputies testified that they stopped a car in which Wynn was a passenger because they believed he matched the description of a suspect in a recent robbery. One deputy approached the driver’s side of the car while two other deputies went to the passenger side. According to one of the deputies investigating the passenger, Wynn was making “avertive” movements toward the pockets of his baggy shorts. He asked Wynn to step out of the car and provide identification. The deputy admitted that, at this point, Wynn was no longer a suspect in the robbery. Wynn was told to place his hands on the top of the car and the deputy patted his pockets, which, he testified, dispelled any suspicion that Wynn was carrying a firearm or other dangerous weapon. Still, the deputy asked Wynn “do you mind if I take the items out [of your pocket] and put them on the car.” Wynn did not reply. The contraband was discovered in this search.
 

 Meanwhile, on the driver’s side of the car, another deputy noticed a baggie of cocaine in what he described as “the door handle of the driver’s door.” He immediately detained the driver.
 

 We begin by discussing the initial pat-down search. Although the deputy’s ac
 
 *1096
 
 count was not crystal clear, for these purposes we will assume that he had probable cause to conduct a warrantless pat down to determine if Wynn was armed.
 
 See Frazier v. State,
 
 789 So.2d 486, 488 (Fla. 2d DCA 2001) (stating that defendant’s acts of briskly removing his hand from his pocket and reaching underneath his shirt provided probable cause for a pat-down search). Even so, the deputy testified that the pat down allayed his concern that Wynn might be armed — he did not feel anything that resembled a weapon during the search. Nor did he state that he felt items he believed were contraband.
 
 See Minnesota v. Dickerson,
 
 508 U.S. 366, 375-77, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (discussing the “plain feel” exception to the warrant requirement). Because the pat down did not reveal anything that might have been a weapon or contraband, the deputy’s authority to search stopped there.
 
 Frazier,
 
 789 So.2d at 488-89. But the deputy continued, delving into Wynn’s pockets.
 

 Absent probable cause to believe Wynn’s pockets contained contraband, the deputy had no authority to search them unless Wynn consented to the search. Consent is an exception to the warrant requirement, but the State bears the burden of proving that it was unequivocally given. Any doubt concerning a suspect’s consent must be resolved in his favor.
 
 V.H. v. State,
 
 903 So.2d 321, 322 (Fla. 2d DCA 2005). When the deputy asked if Wynn would mind if the contents of his pockets were removed, Wynn did not respond. Thus he did not unequivocally consent, and that exception did not apply.
 

 The State sought to justify the search on the ground that Wynn was in constructive possession of the cocaine found in the driver’s side door. Hence it was required to show that Wynn knew about the cocaine and could exercise dominion and control over it. We have held that when the smell of marijuana and the sight of smoke emanates from a car, an officer has probable cause to believe that both elements of the constructive possession test are met for each of the car’s occupants.
 
 Dixon v. State,
 
 343 So.2d 1345, 1348 (Fla. 2d DCA 1977);
 
 see also State v. Williams,
 
 967 So.2d 941, 942-43 (Fla. 1st DCA 2007) (discussing situations where law enforcement may have probable cause to search an occupant of a car, rather than just the vehicle itself).
 

 In this case, the deputies related no fact that would suggest they had probable cause to believe Wynn constructively possessed the drugs found in the car. Although constructive possession can be shown when the contraband is in the defendant’s plain view, the deputy who found the drugs recounted only that they were in his own view; he did not testify that the drugs were in Wynn’s view. In fact, his description of where the drugs were located — in the driver’s-side door handle of the car — implied that the drugs were not visible to Wynn. The deputy who was investigating Wynn did not testify that he saw the cocaine from the vantage of the passenger’s side; he simply noted that the deputy on the driver’s side found the baggie.
 

 Because the State presented no evidence that the drugs were in plain view of the car’s passenger, it had to present independent proof that Wynn knew the cocaine was in the car in order to justify the warrantless search of his person on the basis of constructive possession.
 
 See S.E.B. v. State,
 
 994 So.2d 1216, 1217 (Fla. 2d DCA 2008) (and cases cited therein). It did not.
 

 The circuit court erred in denying Wynn’s motion to suppress the evidence obtained in this warrantless search. We
 
 *1097
 
 reverse and remand with directions to discharge Wynn.
 

 Reversed and remanded.
 

 KELLY and VILLANTI, JJ., Concur.