KHOUZAM, Judge.
J.W.E. appeals a juvenile disposition order withholding adjudication and placing him on probation. We reverse.
J.W.E. was riding his bicycle during the early evening on December 17, 2009, when he was stopped by law enforcement because his bicycle did not have lights. During the stop, the officer sought J.W.E.’s consent to search. Apparently believing he had obtained consent, the officer conducted a search of J.W.E.’s person. The search revealed marijuana. J.W.E. was charged with committing the delinquent act of possession of not more than 20 grams of marijuana based on evidence obtained during the search.
J.W.E. filed a motion to suppress the physical evidence obtained during the search, arguing that he had been illegally detained and searched. At the hearing on the motion to suppress, the officer who searched J.W.E. initially testified that “he asked permission to search [J.W.E.] and [J.W.E.] replied in the affirmative yes.” The officer thereafter explained: “I said ‘Do you mind if I search you?’ And he said yes.”
The court denied the motion to suppress.[1] J.W.E. then entered a plea to the delinquent act of misdemeanor possession of marijuana, reserving the right to appeal the dispositive ruling.
Here, the justification for the search was the consent exception to the warrant requirement. But, as in V.H. v. State, 908 So.2d 321 (Fla.2d DCA 2005), the officer’s testimony at J.W.E.’s suppression hearing did not unequivocally establish that J.W.E. consented to the warrantless search. Indeed, the officer’s testimony that J.W.E. answered “yes” when asked “Do you mind if I search you,” tended to establish that J.W.E. did not consent. Because the evidence did not unequivocally establish J.W.E.’s consent, the motion to suppress should have been granted.
Reversed.
WHATLEY and KELLY, JJ„ Concur.

. We appreciate the court’s thoughtful analysis in addressing the multiple arguments raised during the hearing on the motion to suppress.