# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

Case No. 5D2023-2338
LT Case No. 2022-CF-002821-A

———————————————

HERBERT L. HALL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

On appeal from the Circuit Court for Seminole County.
William S. Orth, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek,
Assistant Public Defender, Daytona Beach, and Michael Mario
Pirolo, Chief Assistant Public Defender, Viera, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca
Rock McGuigan, Assistant Attorney General, Daytona Beach, for
Appellee.

June 18, 2025

PRATT, J.

Herbert Lester Hall, Jr. ("Appellant") appeals the denial of his
motion to suppress the evidence found and inculpatory statements
uttered during a pat-down search. Appellant contends that he did

not consent to the pat-down. The State proved by a preponderance of the evidence that Appellant consented, so we affirm.

## I.

Around 4:45 p.m. on November 24, 2022, Deputy Chase Price, an officer of the Seminole County Sheriff's Office, noticed an individual (Appellant) walking on the side of State Road 417, a toll road with no pedestrian walkways. Deputy Price activated some of the blue emergency lights on his police cruiser to alert oncoming traffic, and he and Appellant approached each other. Price stated that Appellant was violating the law by walking on the side of the toll road; however, he was not approaching Appellant to issue a citation, but instead to conduct a wellness check.

Price asked Appellant if he was all right. Appellant responded that an acquaintance dropped him off on the side of the road and that he was walking toward the nearest gas station. After the body camera began recording, Price asked Appellant for identification, and Appellant furnished a Florida identification card. Price called to perform a check on Appellant's identification.

Afterwards, Price told Appellant that he would be happy to give Appellant a courtesy ride. Price and Appellant began walking toward Price's cruiser. Before Appellant could get in the cruiser, however, Price told Appellant that, due to department policy, he would have to pat Appellant down. Price did not precisely recall Appellant's verbal response, but he understood it as an acceptance of the offer. Price then further explained that the pat-down was to ensure Appellant did not have any weapons. According to Price's testimony, Appellant responded by saying something like "okay" or "all right, where at?" The body camera footage also shows that Appellant raised his arms in response. The dashcam footage shows that Appellant responded verbally, but it does not capture what was said. It likewise shows that Appellant raised his arms.

Price began patting Appellant down. As Price began searching Appellant's waist, he stopped and asked Appellant, "what's that?" and "is that a gun?" Appellant said, "yes." Immediately, Price moved to handcuff Appellant, and Appellant began fidgeting, repeatedly saying, "listen." Price then moved Appellant to the front

2

of the cruiser. As Appellant kept talking, Price pulled out the firearm from Appellant's waistband and a phone from Appellant's pocket, placing them on the hood of the cruiser. Price then asked Appellant, "are you a convicted felon?" Appellant said, "yes, sir."

Price began a more extensive search incident to arrest, pulling more items from Appellant's pockets. Among those items were pills that field tested presumptively positive for fentanyl, and later were determined to be methamphetamine.

## II.

On December 12, 2022, the State charged Appellant with carrying a concealed firearm, being in possession of a firearm while a convicted felon, and armed trafficking in fentanyl (which would later be amended to possession of methamphetamine). Appellant moved to suppress all evidence found and statements made during the search, claiming that he did not consent to the initial pat-down search. The State stipulated that no warrant or probable cause supported the search. Instead, the State argued that Appellant consented.

The circuit court denied the motion, finding—based on the video evidence—that the encounter and the pat-down were consensual. However, the circuit court agreed that if Appellant had withheld his consent after being told the ride was conditioned on a pat-down search, its ruling might well have been different.

After the ruling, Appellant pled no contest to all charges, reserving his right to appeal the denial of his motion, which the State and the circuit court agreed was case-dispositive. *See* Fla. R. App. P. 9.140(b)(2)(A)(i); *Churchill v. State*, 219 So. 3d 14, 18 (Fla. 2017) (holding that, "in appeals from conditional no contest pleas, stipulations of dispositiveness are binding on the appellate court").

## III.

"[A] motion to suppress evidence presents a mixed question of law and fact." *State v. Thornton*, 286 So. 3d 924, 927 (Fla. 5th DCA 2019) (quoting *Davis v. State*, 257 So. 3d 1159, 1161 (Fla. 1st DCA 2018)). In reviewing the denial of such a motion, we defer to a trial

court's findings of fact when they are supported by competent, substantial evidence. *State v. Parker*, 311 So. 3d 1029, 1032 (Fla. 5th DCA 2021). However, we accord less deference to findings that are based on evidence other than live testimony. *Black v. State*, 59 So. 3d 340, 344 (Fla. 4th DCA 2011); *accord Thornton*, 286 So. 3d at 928. This lessened deference applies to review of video footage. *See Littles v. State*, 354 So. 3d 1169, 1171 (Fla. 5th DCA 2023). In addition, we review *de novo* the trial court's legal conclusions. *Murphy v. State*, 898 So. 2d 1031, 1033 (Fla. 5th DCA 2005).

**IV.**

The Fourth Amendment guards against unreasonable searches and seizures. Amend. IV, U.S. Const. Warrantless searches and seizures are generally unreasonable. *Katz v. United States*, 389 U.S. 347, 357 (1967). Voluntary consent is one of the "few specifically established and well-delineated exceptions" that permits law enforcement to search or seize persons or property without the "usual requirement of advance authorization by a magistrate upon a showing of probable cause." *Id.* at 357–58, 358 n.22. To determine whether an individual has voluntarily consented to a search, a court looks at "the totality of the circumstances at the time the consent was obtained." *Hicks v. State*, 852 So. 2d 954, 960 (Fla. 5th DCA 2003); *see United States v. Cortez*, 449 U.S. 411, 417 (1981) (defining "totality of the circumstances" as "the whole picture").

We start by recognizing that where, as here, no constitutional violation preceded the search, the State must prove consent only by a preponderance of the evidence. *See Wilson v. State*, 952 So. 2d 564, 569 (Fla. 5th DCA 2007); *see also Reynolds v. State*, 592 So. 2d 1082, 1086 (Fla. 1992). A police officer is allowed to approach an individual in public for a conversation—and even ask for identification—without implicating the Fourth Amendment. *See State v. Gonzalez*, 919 So. 2d 702, 704 (Fla. 5th DCA 2006). Thus, we review the denial of the motion to suppress with the understanding that the State needed to show only that Appellant more likely than not consented to the pat-down search. *See Gross v. Lyons*, 763 So. 2d 276, 280 n.1 (Fla. 2000) (describing the preponderance of evidence as a standard of "more likely than not"

4

(quoting *Am. Tobacco Co. v. State*, 697 So. 2d 1249, 1254 (Fla. 4th DCA 1997))).

Appellant argues that there was no competent, substantial evidence of consent, claiming the evidence was too ambiguous and focusing on the imprecision of his response "okay" or "all right, where at?" To be sure, words spoken between an individual and law enforcement are not always dispositive in determining consent to a search. That is because certain speech may be susceptible to more than one meaning. For example, someone who says "yes" in response to "do you mind if I search you?" could mean either "yes, I mind, and therefore you may not search," or "no, I don't mind, and therefore you may search." *See, e.g., V.H. v. State*, 903 So. 2d 321, 322 (Fla. 2d DCA 2005) (concluding that a simple "yes" to the question of "do you mind if I search you?" failed to unequivocally establish consent to search); *see also J.W.E. v. State*, 58 So. 3d 376, 377 (Fla. 2d DCA 2011) (concluding that a "yes" to a similar "do you mind?" question "tended to establish that [the defendant] did not consent").

We have reviewed the video evidence, and we conclude that Appellant's actions resolved any arguable ambiguity in his spoken words and established consent to Price's pat-down. "Consent to search may be [found] in the form of conduct, gestures, *or* words." *K.W. v. State*, 183 So. 3d 1123, 1128 (Fla. 5th DCA 2015) (emphasis added) (quoting *State v. Gamez,* 34 So. 3d 245, 247 (Fla. 2d DCA 2010)). Although an individual "[has] no obligation to protest or interfere with the search," *id.* (citing *Wynn v. State*, 14 So. 3d 1094, 1096 (Fla. 2d DCA 2009)), his consent may be established by a combination of his oral replies and his body language, *Watson v. State*, 979 So. 2d 1148, 1152 (Fla. 1st DCA 2008).

Immediately before the search, Appellant and Price engaged in a friendly interaction, and nothing indicated that Appellant was not free to leave. Appellant said "okay" or "all right, where at?" when Price explained that the courtesy ride was conditioned on a pat-down search and asked if he could search Appellant. Moreover, Appellant also raised his arms—a strong, non-verbal indication of consent to the search. *See State v. Gomez*, 34 So. 3d 245, 247 (Fla. 2d DCA 2010) (holding that the appellant consented to a search by raising his hands above his head and spreading his feet in response

to a request to search his person). And when Price began searching him, Appellant did not back away, ask Price to stop, or otherwise object to the search. Finally, when Price asked Appellant about the presence of a firearm, Appellant answered frankly. Appellant began to object only after Price moved to handcuff him. Under these circumstances, the circuit court did not err in concluding that the State had met its burden in proving that Appellant more likely than not consented to a pat-down search for weapons.

AFFIRMED.

HARRIS and BOATWRIGHT, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––